**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**SHREVEPORT DIVISION**

| | |
|---|---|
| JACQUELINE AUDRINNE WILSON | CIVIL ACTION NO. 17-0874 |
| VERSUS | JUDGE S. MAURICE HICKS, JR. |
| DITECH FINANCIAL, L.L.C. | MAGISTRATE JUDGE HORNSBY |

**MEMORANDUM RULING**

Before the Court is Defendant, Ditech Financial L.L.C.'s ("Ditech") Motion for Summary Judgment pursuant to Federal Rule of Civil Procedure 56. See Record Document 25. Ditech prays for the Court to dismiss Plaintiff, Jacqueline Audrinne Wilson's ("Wilson") claims of wrongful eviction and wrongful foreclosure. For the reasons stated in the instant Memorandum Ruling, Ditech's Motion for Summary Judgment is **GRANTED**.

**I.     BACKGROUND**

On February 12, 2007, Wilson executed a $55,200.00 note to refinance a prior mortgage loan. See Record Document 25-3 at p. 3, ¶ 7, Decl. Christy Christensen, Exhibit 1; Record Document 25-4 at pp. 2-3, Note, Exhibit 1-A. Ditech is the authorized servicer of the loan, and was the authorized servicer at all times pertinent to this lawsuit. See id. at ¶ 6, Exhibit 1. The note was secured by a mortgage on immoveable property located at 3229 Lancaster Street, Shreveport, Louisiana 71108 (the "Property"). See Record Document 25-6 at p. 2, Mortgage, Exhibit 2.

Wilson obtained the loan because the intended occupant of the Property, Wilson's mother, Bettie Park ("Park"), did not have sufficient credit to obtain the loan herself. See Record Document 25-7 at p. 7, Wilson Depo., Exhibit 3. It was Wilson and Park's intention that Park would eventually assume the loan or otherwise take ownership of the Property.

See id. at p. 8. Nonetheless, Wilson lived at the Property for "[a] few months" after obtaining the loan. See id. at p. 4. Thereafter, in 2008, Wilson moved to Virginia. See id. Her current address in Virginia is 2301 Marshall Avenue, Norfolk, Virginia, 23504. See id. at p. 5.

On December 29, 2015, with the loan in default, Ditech initiated a suit for executory process. See Record Document 25-11 at pp. 2-4, Petition for Executory Process, Exhibit 7. During the executory process proceedings, a Curator *ad Hoc*, Heidi Martin ("Martin"), was appointed to represent Wilson due to Wilson's failure to appear at the hearing. See Record Document 25-12 at p. 2, Order Appointing Curator, Exhibit 8. This will be discussed further *infra*.

On January 4, 2016, the state court ordered issuance of a Writ of Seizure and Sale. See Record Document 25-13 at p. 2, Order Writ of Seizure and Sale, Exhibit 9. The writ was issued on January 7, 2016. See Record Document 25-14 at p. 2, Writ of Seizure and Sale, Exhibit 10. Pursuant to the writ, the Property was sold at a Sheriff's Sale on June 15, 2016 to a third-party purchaser. See Record Document 25-16 at p. 2, Sheriff Sale Deed, Exhibit 12. On July 21, 2016, Martin filed a report outlining all actions taken to perfect service on Wilson in the state court action. See Record Document 25-17 at pp. 2-3, Martin's Report and Request for Reimbursement of Expenses, Exhibit 13. On July 22, 2016, the state court signed an order declaring that Martin had fulfilled her statutory obligations. See Record Document 52-18 at p. 2, State Court's Order, Exhibit 14.

On May 23, 2017, Wilson commenced the current lawsuit in the First Judicial District Court for Caddo Parish by filing a Petition for Damages (the "Petition"). Wilson's causes of action are for wrongful eviction and wrongful foreclosure relating to the

executory process proceedings in state court. See Record Document 1-2 at p. 6, ¶¶ 12-13, Wilson's State Court Petition. The Petition contains an allegation regarding the May 2016 payment of $4,358.00 and then mentions an alleged "settlement discussion regarding the alleged wrongful eviction from the property." See id. at p. 5, ¶¶ 7-8. The Petition then goes on to allege that Wilson "did not receive legal notice of the Executory Process lawsuit . . . prior to the sale of 'the property' on June 15, 2016 . . ." Id. at ¶ 11. Wilson contends that "she is entitled to damages due to the wrongful seizure and sale of the property and that she is entitled to damages due to her wrongful eviction from the property." Id. at ¶¶ 14-15. Furthermore, Wilson contends that Ditech is liable for all payments made by Wilson to Ditech on the note and mortgage, all amounts due to third parties in connection with the seizure and sale, all monies due to any other mortgage/lien holders that affects now or prior to the sale on June 15, 2016 on the property together with any interest and attorney fees, moving expenses, attorney fees and costs, and for such other damages as may be appropriate under the law of the state of Louisiana. Id. at ¶ 16.

On July 7, 2017, Ditech removed the case to this Court. See Record Document 1. On March 16, 2018, Ditech filed a Motion for Judgment on the Pleadings. See Record Document 20. That Motion has been fully briefed and is pending before the Court. Ditech now files the present Motion for Summary Judgment. See Record Document 25.

## II. LAW AND ANALYSIS

### A. Summary Judgment Standard.

Rule 56 of the Federal Rules of Civil Procedure governs summary judgment. This rule provides that the court "shall grant summary judgment if the movant shows that there

is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986); Celotex Corp. v. Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552 (1986). A fact is "material" if it "might affect the outcome of the suit under the governing law." Anderson, 477 U.S. at 248, 106 S. Ct. at 2510. "A party asserting that a fact cannot be or is genuinely disputed must support the motion by citing to particular parts of materials in the record." Fed R. Civ. P. 56(c)(1)(A). "If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . grant summary judgment." Fed. R. Civ. P. 56(e)(3).

In a summary judgment motion, "a party seeking summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings . . . [and] affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp., 477 U.S. at 323, 106 S. Ct. at 2553 (internal quotations and citations omitted). If the movant meets this initial burden, then the non-movant has the burden of going beyond the pleadings and designating specific facts that prove that a genuine issue of material fact exists. See id. at 325, 106 S. Ct. at 2554; see Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994). A non-movant, however, cannot meet the burden of proving that a genuine issue of material fact exists by providing only "some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence." Little, 37 F.3d at 1075. Additionally, in deciding a summary judgment motion,

courts "resolve factual controversies in favor of the nonmoving party, but only when there is an actual controversy, that is when both parties have submitted evidence of contradictory facts." Id. Courts "do not, however, in the absence of any proof, assume that the nonmoving party could or would prove the necessary facts." Id.

Ordinarily, when considering motions for summary judgment, the court must construe all facts and inferences in the light most favorable to the nonmovant. Cooper Tire & Rubber Co. v. Farese, 423 F.3d 446, 456 (5th Cir. 2005). However, the court should not consider a nonmovant's testimony where such testimony is blatantly contradicted by the record. See Scott v. Harris, 550 U.S. 372, 380, 127 S. Ct. 1769, 1776 (2007) ("When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment."); Carnaby v. City of Houston, 636 F.3d 183, 187 (5th Cir. 2011).

Finally, "[w]hen evidence exists in the summary judgment record but the nonmovant fails even to refer to it in the response to the motion for summary judgment that evidence is not properly before the district court." Malacara v. Garber, 353 F.3d 393, 405 (5th Cir.2003). "Rule 56 does not impose upon the district court a duty to sift through the record in search of evidence to support a party's opposition to summary judgment." See id. at 405 (internal citations and quotations omitted); see also de la O v. Hous'g Auth. of El Paso, 417 F.3d 495, 501 (5th Cir.2005) ("Judges are not like pigs, hunting for truffles buried in briefs.") (quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir.1991)). Further, the Court has no obligation to raise and analyze a party's position in the absence of that party's meaningfully briefing the point. Cf. United States v. Griffith, 522 F.3d 607,

610 (5th Cir.2008) ("It is a well-worn principle that the failure to raise an issue on appeal constitutes waiver of that argument").

In the present action, Wilson's Memorandum in Opposition to Ditech's Motion for Summary Judgment is of poor quality. It appears that Wilson merely cut and pasted the facts set forth in her state court Petition and at one point the Memorandum cites the wrong standard of law.[1] Furthermore, Wilson's Opposition Memorandum does nothing to rebut the undisputed facts and legal arguments presented in Ditech's Motion for Summary Judgment. Nonetheless, the Court will address the leading argument raised by Ditech in both its Motion for Judgment on the Pleadings and the present Motion for Summary Judgment.

### B. Whether Wilson's Claims are Barred by *Res Judicata*.

Ditech contends that Wilson's claims fail because they are barred by the doctrine of *res judicata*. The doctrine of *res judicata* prevents parties from re-litigating matters that were, or could have been, raised in a previous action. Oreck Direct, LLC v. Dyson, Inc., 560 F.3d 398, 401 (5th Cir. 2009). "The preclusive effect of a state court judgment in a subsequent federal lawsuit is determined by the preclusion law of the state in which the judgment was rendered." Jackson v. Bank of Am., N.A., Civil Action No. 13-5795, 2013 WL 6185037, at *2 (E.D. La. Nov. 26, 2013) (citing Marrese v. Am. Acad. of Orthopaedic Surgeons, 470 U.S. 373, 380, 105 S. Ct. 1327, 1331 (1985)). Under Louisiana Law,

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:

---

[1] Wilson cites to the Rule 12(b)(6) standard applied to motions to dismiss rather than the Rule 56 standard applicable to motions for summary judgment.

> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.

La. Rev. Stat. § 13:4231. Under Louisiana law, five elements must be met for *res judicata* to apply: (1) the judgment is valid; (2) the judgment is final;[2] (3) the parties are the same; (4) the cause of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause of action in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. In & Out Welders, Inc. v. H&E Equip. Servs., Inc., Civil Action No. 16-86-JWD-RLB, 2017 WL 1015312, at *6 (M.D. La. Mar. 15, 2017) (citation omitted).

It is clear to the Court that Wilson is attacking the validity of the writ of seizure and sale, the resulting eviction, and the service of the underlying executory process. However, the Court finds that each of the required elements of Ditech's *res judicata* defense are present.

In Louisiana, "a plaintiff has two options when seeking to object to an executory proceeding." Antoine v. Chrysler Fin. Corp., 2000-0647 (La. Ct. App. 4th Cir. 3/7/01), 782 So.2d 651, 652. First, a defendant can file a petition for an injunction "when the debt secured by the security interest, mortgage, or privilege is extinguished, or is legally unenforceable, or if the procedure required by law for an executory proceeding has not been followed." La. Code Civ. Proc. art. 2751. Alternatively, a plaintiff can file a suspensive appeal from the order of seizure and sale within fifteen (15) days of the signing

---

[2] "An order of seizure and sale is a final judgment for *res judicata* purposes." Jackson v. Bank of Am., N.A., No. CIV.A. 13-5795, 2013 WL 6185037, at *2 (E.D. La. Nov. 26, 2013) (citation omitted).

of the order. See La. Code Civ. Proc. art. 2642; see also Williams v. First Heritage Credit of LA, LLC, 2006-1066 (La. Ct. App. 1st Cir. 3/23/07) (recognizing the same two available options). "It is binding precedent . . . that 'all defenses and procedural objections to an executory process proceeding are waived if the debtor allows the seizure and sale to proceed uncontested by either a suit for injunction or suspensive appeal.'" Antoine, 782 So. 2d at 653 (quoting Plumbing Supply House, Inc. v. Century Nat'l. Bank, 440 So. 2d 173, 177 (La. Ct. App. 4th Cir. 1983)); see also Lajaunie v. CitiMortgage, Inc., Civil Action No. 13-137, 2014 WL 1404531, at *2 (W.D. La. Apr. 9, 2014); Jackson v. Bank of Am., N.A., Civil Action No. 13-5795, 2013 WL 6185037, at *2 (E.D. La. Nov. 26, 2013); Reed v. Meaux, 292 So.2d 557, 574 (La. 1973).

Wilson did not exercise either of her available options to contest the executory process proceeding. Instead of pursuing her available remedies, Wilson chose to wait almost an entire year and then file a new lawsuit that essentially seeks damages via a declaration by this Court that the executory process proceeding was invalid. Louisiana law does not permit a debtor to have an adverse judgment entered against her in an executory process proceeding, fail to contest the judgment, and then file a new suit for damages months later. Wilson has failed to avail herself of either of the two avenues to object to the executory process proceedings. Accordingly, Wilson has waived any defenses and/or procedural objections to the executory process proceeding. See Antoine, 782 So. 2d at 653.

Wilson attempts to avoid the aforementioned law by contending that she was not properly served in the executory process proceeding. However, the Court rejects Wilson's argument. In Louisiana, a nonresident of Louisiana, who has not appointed an agent for

the service of process in a manner directed by law, is considered an absentee. See La. Code Civ. Proc. art. 5221; Carter v. First S. Farm Credit, ACA, 49-531 (La. Ct. App. 2nd Cir. 1/14/15), 161 So.3d 928, 934, writ denied, 2015-1166 (La. 9/18/15), 178 So.3d 151. Wilson is and was a resident of Virginia, and as such, the Court considers her an absentee for purposes of service of process. See Record Document 1-2 at p. 4, ¶ 1, Wilson's Petition for Damages; Record Document 25-7 at p. 5, Wilson's Deposition, Exhibit 3. Because the Court finds that Wilson was an absentee, all demands, notices and other documents required to be served upon her were required to be served upon the attorney at law appointed by the court to represent her. See La. Code Civ. Pro. art. 2641. The state court appointed Martin to serve as Wilson's curator after Wilson failed to appear in the executory process proceeding. See Record Document 25-12 at p. 2, Order Appointing Curator, Exhibit 8. After extraordinary measures by Martin, she was able to find Wilson's current address in Virginia and serve her, albeit the notice was marked as "RETURN TO SENDER, UNCLAIMED." See Record Document 25-17 at pp. 2-3, Martin's Report and Request for Reimbursement of Expenses, Exhibit 13. Thereafter, Martin placed an ad in the legal notice section of *The Shreveport Times* on July 10, 2016. See id. at p. 3. Following Martin's efforts in serving Wilson, the court issued an order reflecting that Martin had discharged her statutory duty to Wilson. See Record Document 52-18 at p. 2, State Court's Order, Exhibit 14. For these reasons, Wilson's improper service allegation lacks merit. Thus, the state court's judgment is not only final, but valid, meeting the first two elements of a *res judicata* defense.

Third, the parties to both the state court proceeding and the present proceeding are the same—Wilson and Ditch. See Record Document 25-11 at p. 2, Petition for

Executory Process, Exhibit 7; Record Document 1 at p. 1, Notice of Removal. Fourth, Wilson's claims for wrongful eviction and wrongful foreclosure were available to Wilson when Ditech filed the Petition for Executory Process. Finally, Wilson's cause of action in this case arises out of the same occurrence as did the executory process proceeding: Wilson's default on her loan from Ditech.

Accordingly, Wilson's claim are barred by *res judicata*. See Countrywide Home Loans Servicing, LP v. Thomas, 2012-1304 (La. Ct. App. 4th Cir. 3/20/13), 113 So. 3d 355, 360–61 ("[W]here an order of executory process has become final and non-appealable, the doctrine of *res judicata* is applicable and precludes recovery of damages for wrongful seizure of property."). Therefore, Ditech's Motion for Summary Judgment is hereby **GRANTED**.

### III. CONCLUSION

Ditech's Motion for Summary Judgment (Record Document 25) is **GRANTED**. The Court finds that the doctrine of *res judicata* bars Wilson's claims of wrongful eviction and foreclosure. Thus, Wilson's claims are hereby **DISMISSED WITH PREJUDICE**.

A judgment consistent with the terms of the instant Memorandum Ruling shall issue herewith.

**THUS DONE AND SIGNED**, in Shreveport, Louisiana, on this the 12th day of July, 2018.

_____
S. MAURICE HICKS, JR., CHIEF JUDGE
UNITED STATES DISTRICT COURT